UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------- x

ATINA KARCE

                        Plaintiff,                              **Verified Complaint**

            -against-                                       **Index No.05 CV 9142**

BUILDING SERVICE 32B-J
PENSION FUND

                                    Defendants.

----------------------------------------------------------- x

   PLAINTIFF, ATINA KARCE (herein referred to as Plaintiff) through attorney's, SEVERANCE, BURKO & SPALTER, by way of Complaint against the DEFENDANT, BUILDING SERVICE 32B-J PENSION FUND (herein referred to as Defendant) states:

## **JURISDICTION AND VENUE**

   1.      Jurisdiction of the Court is based on the Employee Retirement Income Security Act of 1974 (ERISA), and in particular, 29 U.S.C. Section 1 132(e)(1) and 1132(f). These provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long term disability insurance policy issued by the employer Triangle Cleaning Services to Atina Karce, one of their employees and provided by Building Service 32B-J Pension Fund. In addition, this action may be brought before this Court pursuant to 28 U.S.C. Section 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

   2.      The ERISA statute provides, at 29 U.S.C. Section 1133, a mechanism for administrative or internal appeal of denial of benefits. These avenues of appeal have been exhausted.

   3.              Venue is proper in the Southern District of New York pursuant to 29 U.S. Section 1132(e)(2), 28 U.S.C. Section 1391.

1

## NATURE OF ACTION

4.      This is a claim seeking an award to Plaintiff for disability income benefits pursuant to an employee welfare benefit plan (herein referred to as Plan) providing group long term disability benefits to employees of Triangle Services. This action seeking recovery is brought pursuant to Section 502(a)(1)(B) or ERISA 29 U.S.C. Section 1132 (a)( 1 )(b).

## THE PARTIES

5.      At the time of the breach, wherein Defendant terminated long term disability benefits under the "Plan", the Plaintiff was a resident of Manhattan, in the state of New York.

6.      Defendant is the provider and administrator for the Plan for employees of Triangle Services Inc. At all times relevant hereto, Defendant was doing business throughout the United States and within the State of New York; and was providing long term disability insurance benefits, payable under the Plan.

7.      At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. Section 1002 (1); and incident to Plaintiff's employment, Atina Karce, received coverage under the Plan as a participant as defined by 29 U.S.C. Section 1002 (7). This claim relates to benefits under the foregoing Plan.

## STATEMENT OF THE FACTS

8.      The Plaintiff was a full time employee of Triangle Services until October 31, 2001, when she ceased work as a result of severe spinal damage, numbness in her left leg and foot, and numbness to the first two digits in her left hand. Plaintiff has not returned to work since October 31, 2001, due to her permanent and total disabling impairments.

2

9.     Subsequent to ceasing her employment, Plaintiff made a claim for benefits under the Plan stating that she met the definition of disability as defined by the Plan rendering her totally and permanently unable as a result of bodily injury or disease, to engage in any further employment or gainful pursuit.

10.     By letter dated September 26, 2003, the Plaintiff was notified that her request for long term disability benefits was denied.

11.     Subsequently, Plaintiff submitted an administrative appeal of the denial of her disability claim in accordance with 29 U.S.C. Section 1133. By a letter dated November 11, 2003, Defendant informed Plaintiff that, after a full and fair review, Defendant had rendered a final decision denying the Plaintiff's claim.

12.     As a result of the issuance of a final decision by Defendant's board, all administrative remedies have been exhausted and this matter is ripe for judicial review.

13.     Since October 31, 2001, through the present time, Plaintiff has been permanently disabled as defined under the terms of the Plan.

14.     The decision by Defendant that the Plaintiff was not disabled is contrary to the welfare benefit plan and is not supported by the evidence. The decision by Defendant also denied the Plaintiff a full and fair review as required by ERISA 29 U.S.C. Section 1133.

15.     As a direct and proximate result thereof, based on the evidence submitted to Defendant establishing that the Plaintiff met the definition of disability under the terms of the Plan continuously since October 31, 2001, Plaintiff is entitled to payment of her monthly disability insurance payments retroactive from the date of her disability and such benefits must be continued until the Plaintiff recovers from her disability, death or to age 65 whichever comes first.

**FIRST CLAIM FOR RELIEF;**
**WRONGFUL DENIAL OF BENEFITS**
**UNDER ERISA, 29 U.C.S. § 1132**

16.     Defendants have wrongfully denied Long Term Disability benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

3

A.     Defendant failed to accord the proper weight to the evidence in the administrative record showing that the Plaintiff has become, while working in covered employment, totally and permanently unable, as a result of a bodily injury or disease, to engage in any further employment or gainful pursuit.

B.     Defendant has violated its contractual obligation to furnish long term disability benefits to the Plaintiff.

## SECOND CLAIM FOR RELIEF;
## BREACH OF FIDUCIARY DUTY UNDER ERISA

17. Defendant BUILDING SERVICE 32B-J PENSION FUND has breached the fiduciary duty it owes the Plaintiff by failing to afford her the basic due process guarantees required by 29 U.S.C. Section 1133 and the regulations promulgated thereunder for the following reasons:

A.     Defendant wrongfully denied Plaintiff a full, fair and impartial review of her benefits claim by ignoring the overwhelming weight and credibility of evidence submitted and instead behaved as an adversary, looking instead for less credible evidence of marginal significance to support its goal of denying the Plaintiff's benefits claim;

B.     Defendant did not give proper weight to Plaintiff's complaints regarding the debilitating effects of her pain. Plaintiff informed and believes that Defendant has a pattern and practice of discounting complaints of pain by insured individuals, such as the Plaintiff herein, whose claims for long term disability benefits is based in part upon pain.

**WHEREFORE,** Plaintiff prays for the following relief:

A.     That the Court enters judgment in Plaintiff's favor and against the Defendant, ordering the defendant to pay disability income benefits to the Plaintiff in an amount equal to the contractual amount of benefits to which Plaintiff is entitled, plus interest for the time the Plaintiff has been denied such payments.

B.     That the Court orders the Defendant to pay Plaintiff on all benefits that have accrued prior to the date of judgment.

4

C.      That the Court orders the Defendant, to continue benefits to Plaintiff so long as she meets the policy terms and conditions for receipt of such benefits.

D.      That the Court award Plaintiff her attorney's fees pursuant to 29 U.S.C. Section 1132(g) and expenses incurred as a result of Defendant's wrongful denial in providing coverage and;

F.      That the Plaintiff recover any and all other relief to which she may be entitled as well as the cost of the suit;

Dated: October 26, 2005
Brooklyn, New York

_____
Louis R. Burko, Esq.
Severance, Burko & Spalter
Attorney for the Plaintiff 16
Court Street-2 800 Brooklyn,
New York 11241 Facsimile:
718. 522 3766 Voice: 718.
625 2300

5

## <u>ATTORNEY'S VERIFICATION</u>

**United States District Court)**
**Southern District of New York )**

**,** an attorney at law hereby affirms pursuant to the C.P.L.R. and subscribing as true under penalty of perjury, as follows:

I am the attorney of record for the Plaintiff(s) in the entitled action.

I have read the foregoing Complaint and know the contents thereof; that same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe the same to be true.

This verification is made by the affiant and not by the Plaintiff(s) because said do(es) not reside within the county in which I maintain my office for the practice of law.

The grounds of affiant's belief as to all matter not stated upon affiant's knowledge are as follows: **Books, record and notes maintained by my office and conversations with others.**

Dated: October 26, 2005
Brooklyn, New York

                                 _____
                                   Louis R. Burko, Esq.

6